```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

MICHAEL HAYNES,

        Plaintiff,

vs.                              Case No. 3:06-cv-330-J-32MMH

FLORIDA STATE PRISON, et al.,

        Defendants.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

Plaintiff, an inmate incarcerated at Florida State Prison who is proceeding pro se, initiated this case by filing a pleading entitled, "Injunction a Temporary Restrain[in]g Order Civil Action" (Doc. #1) (hereinafter Complaint). Plaintiff seeks an order requiring the Defendants to stop: (1) denying him medical treatment; (2) "circleing" [sic] his drinking water; (3) force-feeding him medication; (4) sending mental health counselors to his cell; (5) burning his stomach; (6) charging him with erroneous disciplinary infractions; and, (7) forcing him to shave. Complaint at 1-2.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

To the extent that Plaintiff is seeking a temporary restraining order and/or a preliminary injunction, it is clear that he is not entitled to such relief.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
>
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.
>
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

As an initial matter, it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Additionally, he has completely failed to meet his burden of establishing that there is a substantial likelihood of success on the merits, that injunctive relief is necessary to

2

prevent irreparable injury,[2] that the threatened injury outweighs the harm that the requested injunctive relief would cause to the Defendants, and that the injunction would not be averse to the public interest.

To the extent that Plaintiff may also be attempting to initiate a prisoner civil rights action pursuant to 42 U.S.C. § 1983, this case will be dismissed due to the following deficiencies. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).

The Florida Department of Corrections provides a three-step grievance procedure.  First, an inmate must file an informal grievance.  See Chapter 33-103.005 of the Florida Administrative Code (hereinafter F.A.C.).  If the issue is not resolved, the

---

[2] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)). Plaintiff has not alleged any facts that would lead this Court to believe that he is in imminent danger of irreparable injury.

3

inmate must then file a formal grievance at the institutional level.  See Chapter 33-103.006, F.A.C.  If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections.  See Chapter 33-103.007, F.A.C.

Here, Plaintiff has neither alleged nor shown that he completed the three-step grievance procedure with respect to his claims before he initiated this action.  Plaintiff's case should not have been filed without first exhausting his available administrative remedies.

Plaintiff also failed to use the appropriate civil rights complaint form to present his claims.  As a result, he did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised his claims previously.  In reviewing any previous filings, this Court must also consider the nature of Plaintiff's actions that were dismissed before, as well as after, the enactment of the PLRA.  See 28 U.S.C. § 1915(g).  Plaintiff also failed to adequately identify the Defendants in this action and to provide the Court with copies of his Complaint for service upon the Defendants.  Additionally, Plaintiff raises numerous unrelated issues in his Complaint.  Finally, Plaintiff failed to sign his Complaint.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice.

4

It is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice**.

2. The **Clerk of Court** shall send a civil rights complaint form and an affidavit of indigency form to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to resubmit his claims. In refiling, Plaintiff shall **either** file a fully completed affidavit of indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

3. The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of April, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

ps 4/12
c:
Michael Haynes

5